# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| SUSAN R. KOPP, | ) | No. 71025-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED |
| OF EMPLOYMENT SECURITY, | ) | |
| | ) | FILED: December 22, 2014 |
| Appellant. | ) | |
| | ) | |

COX, J. — An employee who is discharged for "misconduct connected with his or her work" is disqualified from receiving unemployment compensation benefits.[1] The Commissioner of the Employment Security Department affirmed the order denying Susan Kopp unemployment benefits. On judicial review, the superior court reversed the Commissioner's decision and awarded Kopp unemployment benefits and attorney fees. Because Kopp fails in her burden to show that the Commissioner's decision was invalid, we reverse the decision of the superior court.

---

[1] RCW 50.20.066(1).

Kopp worked as a plate shop mounter for Pliant Corporation. Pliant required its employees to immediately report all fires to a supervisor. Pliant also required its employees to "report all unsafe conditions." Kopp received training on these rules and acknowledged in writing that she understood them.

In 2012, Kopp worked a night shift for Pliant. She took a break during her shift and went outside. She noticed smoke and glowing embers on an "8 inch square" of the bark covered ground. Kopp did not see any flames.

Kopp returned to the building and informed her co-worker, who was not her supervisor, about the fire. She attempted to put out the fire by pouring water on it. She filled a small trash can with water, carried it outside, and poured it on the fire. She repeated this process several times. Kopp believed she had extinguished the fire, and she returned to work. But her attempt to extinguish the fire was unsuccessful.

About one hour later, the ground was smoldering. Kopp's co-workers reported the fire and Kopp's supervisor called the fire department. The firefighters extinguished the fire.

Following this incident, Pliant discharged Kopp for violating company and safety rules by failing to report the fire.

Kopp applied for unemployment benefits. The Employment Security Department initially determined that Kopp had not committed misconduct and qualified for benefits. Pliant appealed.

After a hearing, an administrative law judge (ALJ) of the Office of Administrative Hearings concluded that Kopp had committed misconduct and

2

was therefore ineligible for benefits. The ALJ entered written findings of fact, conclusions of law, and an order.

Kopp petitioned for review to the Commissioner of the Employment Security Department. The Commissioner affirmed the ALJ's decision, adopting all of the ALJ's findings of fact and conclusions of law.

Kopp then petitioned for judicial review to King County Superior Court. The superior court held that the Commissioner erred by concluding that Kopp committed misconduct. Instead, it concluded that Kopp committed ordinary negligence or an error in judgment. Thus, the superior court held that Kopp was eligible for unemployment benefits. It also awarded Kopp attorney fees and costs.

The Department appeals.

## AWARD OF UNEMPLOYMENT BENEFITS

The Department argues that the Commissioner correctly concluded that Kopp was terminated for misconduct. We agree.

The Washington Administrative Procedure Act (WAPA) governs judicial review of the state employment commissioner's decisions.[2] Under WAPA, "[t]his court sits in the same position as the superior court" and reviews the commissioner's decision.[3] The party seeking to overturn the commissioner's

---

[2] RCW 50.32.120.

[3] King County Pub. Hosp. Dist. No. 2 v. Dep't of Health, 178 Wn.2d 363, 372, 309 P.3d 416 (2013).

decision, Kopp in this case, bears the burden of demonstrating that the decision is invalid.[4]

This court reviews the commissioner's conclusions of law de novo, but gives "substantial weight to the agency's interpretation of the statutes it administers."[5] "The court affirms [the commissioner's] factual findings unless they are not supported by substantial evidence."[6] This court accepts unchallenged factual findings as true.[7] Whether an employee committed misconduct is "'a mixed question of law and fact.'"[8] "On mixed questions of law and fact, [the court] determine[s] the law independently and then appl[ies] the law to the facts as found by the agency."[9]

An individual discharged for misconduct cannot receive unemployment benefits.[10]

---

[4] RCW 34.05.570(1)(a).

[5] Kirby v. Emp't Sec. Dep't, 179 Wn. App. 834, 843, 320 P.3d 123, review denied, 181 Wn.2d 1004 (2014).

[6] King County Pub. Hosp. Dist. No. 2, 178 Wn.2d at 372.

[7] Campbell v. Emp't Sec. Dep't, 180 Wn.2d 566, 573, 326 P.3d 713 (2014).

[8] Kirby, 179 Wn. App. at 845 (quoting Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993)).

[9] Hamel v. Emp't Sec. Dep't, 93 Wn. App. 140, 145, 966 P.2d 1282 (1998).

[10] RCW 50.20.066(1).

*Termination for Misconduct*

The Department argues that the Commissioner correctly concluded that Kopp was terminated for misconduct. We agree.

RCW 50.04.294 defines misconduct in two ways. First, it gives a non-exhaustive, general definition of misconduct.[11] Second, RCW 50.04.294(2) lists several acts that are misconduct per se because they "signify a willful or wanton disregard of the rights, title, and interests of the employer or a fellow employee."[12] One act that is misconduct is violating "a company rule if the rule is reasonable and if the claimant knew or should have known of the existence of the rule."[13] "A company rule is reasonable if it is related to [the employee's] job duties, is a normal business requirement or practice for [the employee's] occupation or industry, or is required by law or regulation."[14]

Under the Department's regulations, an employee "knew or should have known about a company rule if [she] w[as] provided an employee orientation on company rules, [or she] w[as] provided a copy or summary of the rule in writing."[15]

---

[11] RCW 50.04.294(1).

[12] RCW 50.04.294(2).

[13] RCW 50.04.294(2)(f).

[14] WAC 192-150-210(4).

[15] WAC 192-150-210(5).

Here, the Commissioner properly concluded that Kopp committed misconduct under RCW 50.04.294(2)(f) by violating a reasonable company rule.

It is undisputed that Pliant required its employees to immediately report all fires. Its fire policy states:

> In the event of fire (regardless of size) immediately report it to your supervisor. The person discovering the fire may attempt to extinguish the fire with a fire extinguisher if the fire is small enough to be handled with a fire extinguisher. If the fire is beyond the incipient stage (too large to handle with a fire extinguisher) the Kent Fire Department must be summoned immediately.[16]

This rule is reasonable. The policy merely requires employees to report any fires that they encounter. And Kopp concedes that the company's fire policy is reasonable, stating "the company policy that requires employees to report unsafe conditions and events of fire to a supervisor is very likely a reasonable company policy."[17]

Additionally, the Commissioner adopted the ALJ's finding that Kopp acknowledged in writing that she received a copy of this rule and understood it. Kopp does not challenge this finding, which is thus a verity. Accordingly, Kopp was aware of her employer's rule under the Department's regulations.[18]

Finally, the adopted findings show that Kopp violated this rule:

> 4. On August 15, 2012, [Kopp] observed a small fire just outside the work building . . . .

---

[16] Administrative Record at 101.

[17] Response Brief of Respondent at 17.

[18] WAC 192-150-210(5).

5. [Kopp] attempted to put the fire out by filling a trash container with water. She was unsuccessful in extinguishing the fire.

6. [Kopp] did not report to her supervisor that there was a fire.[19]

Although Kopp contests these findings, substantial evidence supports them. Kopp admitted that she saw smoke and glowing embers on the ground. When the fire department arrived, it found a "small smoldering bark fire."[20] Kopp stated that she poured water over the embers to put them out. The fire department noted that the fire had been partially extinguished with water, but an area of about 3 feet by 6 inches was still smoldering. Kopp also admitted that she never notified a supervisor about the fire.

In sum, Kopp's employer had a reasonable rule that all employees were required to report fires. Kopp was aware of this rule. And the Commissioner's adopted factual findings, supported by substantial evidence, show that Kopp did not report the fire to her supervisor. Accordingly, Kopp committed misconduct under RCW 50.04.294(2)(f).

Kopp argues that substantial evidence does not support the existence of a fire, but rather shows that only a "smolder" existed. Specifically, Kopp asserts that no witness "testif[ied] that they personally observed any fire." This argument makes no sense.

---

[19] Administrative Record at 110.

[20] Supplemental Administrative Record at 5.

7

The record shows that witnesses described embers and smoking or smoldering ground. This constitutes substantial circumstantial evidence that there was a fire.

Moreover, Kopp conceded at the superior court that "[w]hether the incident was an actual fire or a smolder is not at issue." The attempt to revive on appeal an argument abandoned below is not well taken.

Kopp next argues that it was unreasonable for her employer to terminate her for only one violation of the fire policy. To support this argument, she relies on Henson v. Employment Security Department.[21] That reliance is misplaced.

That case involved an employee who was discharged for misconduct. The unemployment compensation statute in effect at the time did not list acts that were misconduct per se.[22] Rather case law established that violation of a reasonable company rule was misconduct.[23] In Henson, the employer gave its employee numerous chances to correct his behavior before it discharged him.[24] Kopp argues that she should have received an opportunity to correct her behavior, just as the employee in Henson did.

---

[21] 113 Wn.2d 374, 779 P.2d 715 (1989).

[22] Former RCW 50.20.060 (1982).

[23] Henson, 113 Wn.2d at 378.

[24] Id. at 375-76.

But the Henson court did not hold that the employer was required to give the employee an opportunity to correct his behavior. The court merely held that the employer's policies were reasonable.[25]

Additionally, Kopp's basic argument is that Pliant's termination policy is unreasonable. She argues that "the company's policy of terminating an employee for one incident of an obvious mistake is certainly not reasonable."[26] But under RCW 50.04.294(2)(f), this court determines whether Kopp violated a reasonable company rule. Thus, this court examines Pliant's fire policy, not its termination policy.

Kopp also argues that Pliant's actions were unreasonable because it actually terminated her to save costs. But this argument is not relevant to whether her employer's rule is reasonable. And, as discussed later in this opinion, this argument relies on evidence that the superior court incorrectly admitted to supplement the administrative record. For these reasons, we reject this argument.

*Ordinary Negligence or a Good Faith Error in Judgment*

The Department argues that the Commissioner correctly concluded that Kopp's failure to report the fire was neither ordinary negligence nor a good faith error in judgment. We again agree.

RCW 50.04.294(3) states that misconduct does not include: "(b) Inadvertence or ordinary negligence in isolated instances; or (c) Good faith errors

---

[25] Id. at 379.

[26] Response Brief of Respondent at 18-19.

9

in judgment or discretion." In contrast, "[w]illful or wanton disregard of the rights, title, and interests of the employer or a fellow employee" and "[d]eliberate violations or disregard of standards of behavior" are misconduct.[27] Under the Department's regulations, behavior is willful when it is "intentional behavior done deliberately or knowingly, where you are aware that you are violating or disregarding the rights of your employer or a co-worker."[28]

Here, the Commissioner properly concluded that Kopp did not commit either ordinary negligence or a good faith error in judgment or discretion.

Kopp did not commit ordinary negligence because her behavior was willful. Kopp intentionally failed to report the fire. She described her failure to notify her supervisor of the fire as "a poor decision." Kopp alleges in her brief that it "skipped her mind to inform her supervisor." But Kopp does not provide any citation to the record that supports this. And, the record does not show that Kopp intended to comply with the policy and then failed to do so. Instead, her failure to report the fire was "a poor *decision*."[29]

And as discussed earlier, Kopp was aware of Pliant's fire policy. Thus, although Kopp was aware of her employer's policy, she intentionally disregarded it. Accordingly, Kopp acted willfully or deliberately, not negligently.

Kopp also did not make a good faith error in judgment. She intentionally violated a reasonable company rule. Pliant required its employees to report all

---

[27] RCW 50.04.294(1)(a) and (b).

[28] WAC 192-150-205(1).

[29] (Emphasis added.)

10

fires—it did not allow its employees to decide whether any particular fire should not be reported. Thus, Kopp was not entitled to decide whether to report this fire. She had a clear duty to report it, a duty that she chose to disregard.

In sum, the Commissioner correctly concluded in this case that Kopp's failure to report the fire was neither ordinary negligence nor a good faith error in judgment.

Relying on Wilson v. Employment Security Department, Kopp argues that she did not commit misconduct but committed only ordinary negligence or a good faith error in judgment.[30] Wilson is distinguishable.

In that case, an employee was discharged from a jewelry store after losing diamonds.[31] The employee failed to log in the diamonds and place them in a safe, as company policy required him to do.[32] He "fully intended to comply with the [diamond logging] policy, but simply failed to do so in time to prevent the losses."[33] The court held that the employee had not deliberately decided to disregard the policy, but had negligently delayed complying with the policy.[34]

As discussed previously, this record contains no evidence that Kopp intended to report the fire, but failed to do so. Instead, the record shows that

---

[30] Response Brief of Respondent at 22-23 (citing Wilson v. Emp't Sec. Dep't, 87 Wn. App. 197, 940 P.2d 269 (1997)).

[31] Wilson, 87 Wn. App. at 198.

[32] Id. at 199.

[33] Id. at 203.

[34] Id.

Kopp described her failure to report the fire as a "poor decision." Accordingly, Kopp's failure to report the fire was not ordinary negligence.

Kopp submitted Kirby v. Employment Security Department as an additional authority.[35] At oral argument, she relied on Kirby to argue that she committed a good faith error. Her argument fails, because Kirby is distinguishable.

In Kirby, an employee was discharged after she did not comply with her employer's directions.[36] In that case, this court held that the employee had committed a good faith error.[37] The court reached that conclusion for two reasons. First, it held that the employer's directions were not reasonable.[38] Second, it held that the employee did not deliberately or willfully fail to comply with the directions.[39] Instead, the employee failed to comply because she was confused.[40]

Neither of those reasons applies to Kopp's case. Here, as discussed earlier in this opinion, Kopp failed to comply with a *reasonable* company rule, not an employer's unreasonable directions. Additionally, Kopp does not claim that

---

[35] Respondent's Statement of Additional Authorities at 1 (citing Kirby v. Emp. Sec. Dep't, 179 Wn. App. 834).

[36] Kirby, 179 Wn. App at 840-41.

[37] Id. at 850.

[38] Id. at 848-49.

[39] Id. at 847.

[40] Id. at 850.

she failed to report the fire because she was confused. Instead, she simply made a "poor decision" not to report the fire. Accordingly, Kopp's argument is unpersuasive.

## SUPPLEMENTATION OF ADMINISTRATIVE RECORD

The Department argues that the superior court abused its discretion when it supplemented the agency record. We agree.

The superior court's review of agency action is generally confined to the agency record. A court may admit evidence outside the agency record only in "highly limited circumstances."[41] And the evidence must "relat[e] to the validity of the agency action at the time it was taken."[42]

Additionally, the new evidence must regard: "(a) Improper constitution as a decision-making body or grounds for disqualification of those taking the agency action; (b) Unlawfulness of procedure or of decision-making process; or (c) Material facts in rule making, brief adjudications, or other proceedings not required to be determined on the agency record."[43] Limiting the superior court to the agency record ensures that the court acts as an appellate court, rather than retrying the case.[44]

---

[41] Motley-Motley, Inc. v. PCHB, 127 Wn. App. 62, 76, 110 P.3d 812 (2005).

[42] RCW 34.05.562(1).

[43] Id.

[44] Motley-Motley, 127 Wn. App. at 76.

Appellate courts review a trial court's decision to admit new evidence for abuse of discretion.[45] A trial court abuses its discretion when its "decision is 'manifestly unreasonable or based on untenable grounds or untenable reasons.'"[46] A "decision is 'based on untenable reasons,' [when] it is 'based on an incorrect standard or the facts do not meet the requirements of the correct standard.'"[47]

Here, the superior court relied on RCW 34.05.562(1)(c) and RCW 34.05.566(7) to admit new evidence. Neither of these provisions authorizes the court's action.

RCW 34.05.562 allows the court to admit evidence if it relates to "the validity of the agency action at the time it was taken" and meets other requirements.

RCW 34.05.566(7) states, "The court may require or permit subsequent corrections or additions to the record."

In this case, the supplemental evidence was not about the validity of the agency action. The evidence Kopp submitted allegedly shows that Pliant terminated her to reduce costs. This evidence does not go to the validity of the agency's action, and thus RCW 34.05.562(1)(c) does not apply.

---

[45] See id. at 77.

[46] State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)).

[47] Id. (quoting Littlefield, 133 Wn.2d at 47).

RCW 34.05.566(7) also does not apply because that statute does not deal with the admission of evidence. The context of RCW 34.05.566(7) shows that the statute does not grant the superior court authority to admit new evidence, but instead allows the court to add evidence that was before the agency to the administrative record. The statute as a whole deals with the costs and transmission of the agency record to a reviewing court, not the admission of new evidence.[48]

Additionally, if RCW 34.05.566(7) gave courts discretion to admit new evidence, it would bypass the limitations created by RCW 34.05.562. RCW 34.05.566(7) does not provide any standards for the admission of new evidence, thus the court would have complete discretion. RCW 34.05.562 would become effectively meaningless, as the court could always admit evidence under RCW 34.05.566(7) instead.

Therefore, the superior court's decision is untenable because it admitted the supplemental evidence on the bases of misapplying two statutes. Accordingly, it abused its discretion.

Kopp argues that the superior court properly admitted the evidence because the evidence is material to her case. Kopp cites the dissent in <u>Rios v. Department of Labor & Industries</u>, to support the proposition that the court may

---

[48] <u>See</u> RCW 34.05.566.

15

take additional evidence if it relates to a material issue of fact.[49] But <u>Rios</u> is not helpful because the dissent does not control the rule of the case.

Moreover, Kopp misleadingly quotes part of a sentence out of context. She quotes "'. . . RCW 34.05.514 states how and when the agency is to respond, and states that the court may hear evidence, pursuant to RCW 34.05.562, on material issues of fact.'"[50] But the sentence reads: "*[W]here an agency has failed to perform a duty required by law* . . . the court may hear evidence, pursuant to RCW 34.05.562, on material issues of fact."[51] In this case, there is no basis to contend that the Department failed to perform a duty required by law. Accordingly, <u>Rios</u> does not apply.

Kopp also does not explain why she failed to present this evidence to the ALJ or the Commissioner. Allowing Kopp to present new evidence before the superior court simply because it is material to her case would improperly allow her to retry her case.[52] Thus, RCW 34.05.562 does not provide a legal basis for supplementing the agency record in this case.

Kopp fails to argue why RCW 34.05.566(7) applies in this case apart from quoting its plain text. Thus, we do not address this aspect of her claim any further.

---

[49] Response Brief of Respondent at 29 (citing <u>Rios v. Dep't of Labor & Indus.</u>, 145 Wn.2d 483, 39 P.3d 961 (2002) (Madsen, J. dissenting)).

[50] <u>Id.</u> (quoting <u>Rios</u>, 145 Wn.2d at 514-15).

[51] <u>Rios</u>, 145 Wn.2d at 514-15 (emphasis added).

[52] <u>See</u> <u>Motley-Motley</u>, 127 Wn. App. at 77.

Notwithstanding the erroneous supplementation of the record by the superior court, the error is harmless. "'A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case.'"[53] In this case, the error did not affect the outcome.

## ATTORNEY FEES

The Department argues that if we reverse the superior court, we should also reverse its judgment granting Kopp fees. We agree.

### Superior Court Fees

RCW 50.32.160 provides that when an individual appeals an unemployment compensation decision, the court must determine a reasonable amount of fees, and if it reverses or modifies the commissioner's decision, it must award fees and costs to the individual.[54]

Here, the superior court granted Kopp attorney fees and costs under that statute, as the court reversed the Commissioner's decision. We have concluded that the superior court improperly reversed the decision. Because the superior court did not properly reverse the Commissioner's decision, its award of attorney fees was incorrect under a plain reading of RCW 50.32.160.

### Fees on Appeal

Kopp argues that she is entitled to fees on appeal. She is mistaken.

---

[53] In re Det. of Pouncy, 168 Wn.2d 382, 391, 229 P.3d 678 (2010) (quoting State v. Britton, 27 Wn.2d 336, 341, 178 P.2d 341 (1947)).

[54] RCW 50.32.160.

17

As stated earlier, RCW 50.32.160 mandates courts to award attorney fees when they reverse or modify the commissioner's decision. Because we reverse the superior court's decision, reinstating the Commissioner's decision, Kopp is not entitled to attorney fees on appeal.

We reverse the superior court's decision on the merits and its award of attorney fees to Kopp in the superior court. This reinstates the Commissioner's decision. We deny Kopp's request for attorney fees on appeal.

_Cox, J._

WE CONCUR: